48 F.3d 1234
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 ZM, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7042.
 United States Court of Appeals, Federal Circuit.
 April 20, 1994.
 
 ON MOTION
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 
 ORDER
 PER CURIAM
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss ZM's appeal for lack of jurisdiction. ZM has not filed a response.
 
 
 2
 On February 9, 1993, the Board of Veterans Appeals determined that new and material evidence had not been submitted to reopen ZM's claim of entitlement to service connection for a psychiatric disorder and denied ZM's claim for entitlement to a compensable rating for injuries to the left hand. On December 20, 1993, the Court of Veterans Appeals affirmed the former determination and vacated and remanded the latter for "an adequate examination to determine the current level of appellant's service-connected left hand injuries." The only portion of the Court of Veterans Appeals' decision that is final and appealable is the portion that affirmed the Board of Veterans Appeals' decision. See Travelstead v. Derwinski, 978 F.2d 1244, 1248 (Fed.Cir.1992). Thus, that is all that is before this court. The remanded portion of the case is now separate from the case on appeal.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 ZM states in his notice of appeal that "[t]he reason there is no probative evidence of a nervous condition in my file, is because the Nashville V.A. withheld the evidence." In his informal brief ZM reiterates that argument and also states the Court of Veterans Appeals failed to consider the evidence presented in his submissions and should have awarded service connection for his nervous condition. ZM's appeal thus amounts to a request for review of factual findings and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 255-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.